**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| THE CITY OF NEW YORK, and SAMUEL A.A. LEVINE, as COMMISSIONER of THE NEW YORK CITY DEPARTMENT of CONSUMER AND WORKER PROTECTION<br><br>Plaintiffs,<br><br>v.<br><br>CARGURUS, INC.<br><br>Defendant. | Removed from the Supreme Court of the State of New York, County of New York<br><br>Index No. 454290/2026<br><br>Case No. 26-cv-9824 |

**NOTICE OF REMOVAL**

PLEASE TAKE NOTICE THAT, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendant CarGurus, Inc. hereby removes the above-captioned action *City of New York v. CarGurus, Inc.*, Index No. 454290/2026, from the Supreme Court of the State of New York, County of New York, to the United States District Court for the Southern District of New York. In support of this notice of removal, CarGurus states as follows:

**INTRODUCTION**

1. Plaintiffs (the "City") allege that CarGurus, an online platform that aggregates car sales listings of dealerships, has violated New York City Administrative Code § 20-700 ("CPL § 20-700"), which proscribes false and deceptive sales practices. The City claims that the CarGurus website displays "misleading pricing information." Ex. 1. ("Compl.") ¶ 6.

2. The City asserts three causes of action under CPL § 20-700. Compl. ¶¶ 127-149. It seeks injunctive relief, statutory civil penalties, restitution, costs, and "such other and further relief" that the Court deems just. *Id.* ¶¶ 1-5 ("Relief Sought").

3. This Court has original jurisdiction under 28 U.S.C. § 1332(a), and removal to federal court is proper under 28 U.S.C. § 1441(a). CarGurus timely removes the action in accordance with 28 U.S.C. § 1446 and Local Civil Rule 81.1.

## PROCEDURAL HISTORY AND BACKGROUND

4. On October 4, 2026, the City filed a Complaint against CarGurus in the Supreme Court of the State of New York, County of New York, Index No. 454290/2026. A true and correct copy of the Summons and Complaint, as well as Exhibits 1-11 attached to the Complaint, are attached here as Exhibit 1.

5. The Complaint asserts three claims, each for violations of CPL § 20-700. Compl. ¶¶ 127-134 (Count I); *Id.* ¶¶ 135-139 (Count II); *Id.* ¶¶ 140-149 (Count III). The City claims it is entitled to recover "civil penalties . . . of $3,500 for each knowing violation of NYC Code § 20-700, or in the alternative, not less than $350 nor more than $2,500 for each violation," as well as "restitution to all affected customers." Compl. ¶¶ 2-3 ("Relief Sought").

6. Under 28 U.S.C. § 1446(b), a notice of removal must be filed within 30 days of service of the Complaint on CarGurus. The City served CarGurus with the Summons and Complaint on October 14, 2026. An Admission of Service on that date is attached as Exhibit 2. Accordingly, this notice of removal is timely.

7. This action is removable to this Court because it is pending in the Supreme Court of the State of New York, County of New York, which is located within the Southern District of New York. *See* 28 U.S.C. §§ 1441(a), 112(b).

## GROUNDS FOR REMOVAL

8. A defendant may remove "any civil action brought in State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a).

9. The Court has original jurisdiction to hear this action under 28 U.S.C. § 1332(a)(1), because this is an action between citizens of different States, and the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

10. Complete diversity exists between the parties. No party on one side of this action shares citizenship with any party on the other side.

11. For diversity purposes, cities are citizens of the state in which they are located. *Moor v. County of Alameda*, 411 U.S. 693, 717 (1973). Plaintiff City of New York is a citizen of New York. *Schiavone Const. Co. v. City of New York*, 99 F.3d 546, 548 (2d Cir. 1996).

12. "[C]ity agencies operating as arms of the City of New York" are likewise citizens of New York. *Eastern Savings Bank, FSB v. Springer*, 2013 WL 12358270, at *10 (E.D.N.Y. May 10, 2013); *see also Wilmington Trust, Nat. Assoc. v. Winta Asset Mgmt. LLC*, 2022 WL 2657166, at *3 (S.D.N.Y. July 8, 2022) ("Courts have also concluded that other New York City agencies…are New York citizens because they are agents of the City of New York"). The same is true for an official-capacity plaintiff because "an official-capacity suit is, in all respects other than name, to be treated as a suit against the entity." *Kentucky v. Graham*, 473 U.S. 159, 166 (1985). Plaintiff Samuel Levine, who sues in his official capacity as the Commissioner of the New York City Department of Worker and Consumer Protection, also is a citizen of New York for diversity purposes.

13. "A corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." 28 U.S.C. § 1332(c)(1).

14. CarGurus is a corporation organized under the laws of Delaware with its principal place of business in Massachusetts. Compl. ¶ 25. Therefore, CarGurus is a citizen of Delaware and Massachusetts for diversity purposes.

15. The Complaint alleges "at least 1,360 violations" for Count I, Compl. ¶ 127, "at least 2,017 violations" for Count II, Compl. ¶ 135, and "at least 2,218 violations" for Count III, Compl. ¶ 140. The Complaint seeks "civil penalties . . . of $3,500 for each knowing violation . . . or, in the alternative, not less than $350 nor more than $2,500 for each violation" and "restitution to all affected customers in an amount to be determined at trial." Compl. ¶ 2-3 ("Relief Sought"). The amount in controversy exceeds the sum or value of $75,000, exclusive of interests and costs.

**PROCEDURAL REQUIREMENTS**

16. Pursuant to 28 U.S.C. § 1446(d), upon the filing of this notice of removal, a true copy of this notice will be filed with the Clerk of the Supreme Court of the State of New York, County of New York, and served promptly on Plaintiffs.

17. CarGurus reserves the right to submit factual support, evidence, and affidavits to support the basis for federal jurisdiction, if necessary, at the appropriate time.

**NON-WAIVER**

18. By filing this notice of removal, CarGurus reserves all defenses, exceptions, and objections it may have to this action, without conceding the truth of the Complaint's allegations, that the City has pleaded claims upon which relief may be granted, that CarGurus has violated any applicable law, or that the City is entitled to any recovery in this action or suffered any injury caused by CarGurus.

WHEREFORE, the case now pending in the Supreme Court of the State of New York, New York County, *City of New York v. CarGurus, Inc.*, Index No. 454290/2026, is hereby

removed to the United States District Court for the Southern District of New York pursuant to 28 U.S.C. §§ 1332, 1441, and 1446.

Dated: November 9, 2026

Respectfully submitted,

*/s/ Alan Schoenfeld*

Alan Schoenfeld
Lisa Jing
Nicole Koonce (*admissions application pending*)
WILMER CUTLER PICKERING
HALE AND DORR LLP
7 World Trade Center
250 Greenwich Street
New York, NY 10007
(212) 937-7294 (t)
(212) 230-8888 (f)
alan.schoenfeld@wilmerhale.com
lisa.jing@wilmerhale.com
nicole.koonce@wilmerhale.com

*Attorneys for Defendant CarGurus, Inc.*